Jack Garyth Poulson, Esq.
Attorney for Plaintiff
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| BARRY BUTTRUM, ) | Case No. 3:20-CV-         (     ) |
| ) | In Admiralty |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES SEAFOODS, LLC, ) | |
| ) | SEAMAN'S COMPLAINT |
| Defendant. ) | WITHOUT PREPAYMENT OF COSTS, |
| ) | 28 U.S.C. §1916 |

Plaintiff Barry Buttrum, through counsel Poulson & Woolford, LLC, in association with Vujasinovic & Beckcom, PLLC, alleges against the above-named defendant as follows:

1. **Parties**

    1.1    Barry Buttrum is a resident of El Paso County, Texas.

    1.2    Plaintiff seeks relief under statutory and general maritime laws of the United States of America. He brings this claim for personal injuries to a seaman without prepayment of costs pursuant to 28 U.S.C. 1916.

    1.3    United States Seafoods, LLC, is an incorporated company operating the vessel "*Sea Freeze America*" at all relevant times, in Alaska waters.

2. **Jurisdiction and Venue**

    2.1    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333 which grants concurrent jurisdiction to federal

courts over Jones Act Claims and the amount in controversy exceeds the jurisdictional threshold for this Court.

2.2     Personal jurisdiction is proper in this Court because Defendant conducts business in the District of Alaska, and the actions and inactions of Defendant occurred in the District of Alaska.

2.3     Venue is proper in this Court because the actions and inactions of Defendant occurred in the District of Alaska.

## 3.  Background

3.1     Barry Buttrum sustained injuries on February 10, 2020, while working for Defendant United States Seafoods, LLC as a member of the crew of the vessel *Sea Freeze America*. On the day of the incident, other crew members left a five-gallon barrel on what was designated to be a clear shelf. When Mr. Buttrum was in the cargo area, the vessel rocked causing him to trip and collide face-first with the barrel. This collision caused facial fractures which required surgery and caused and continues to cause significant pain. Mr. Buttrum sustained these severe injuries due to the negligence of Defendant and the unseaworthy condition of the vessel.

## 4.  Count One - Jones Act

4.1     Defendant United States Seafoods, LLC is Mr. Buttrum's Jones Act employer, and Mr. Buttrum was an able-bodied seaman working on the vessel at the time of the injury. As such, Mr. Buttrum is protected from the negligence of Defendant by the Jones Act. Mr. Buttrum's injuries were a direct result of the negligence of United States Seafoods, LLC, who failed at each instance to observe fundamental health and safety concerns, including but not limited to, failures in the provision and implementation of regular safety policies; failure in its vessel crewing operations; failures in job planning and hazard assessment; failures in the provision of safe equipment; failing to provide a safe and seaworthy vessel, and failures in its hiring, training, and supervision of the crew and captain, including Mr. Buttrum.

4.2     The negligence of United States Seafoods, LLC was a proximate cause of the occurrence in question. Defendant breached its legal duties and caused damages

COMPLAINT
Buttrum v. United States Seafood     Page 2 of 6
Case 3:20-cv-00218-JWS   Document 1   Filed 09/08/20   Page 2 of 6

and injuries to Mr. Buttrum. Before being injured, Mr. Buttrum was an able-bodied seaman. Mr. Buttrum did nothing to cause or contribute to his injuries.

4.4     United States Seafood, LLC controlled the vessel in operation on the date of the incident and at all material times. United States Seafood, LLC also controlled the details of the work being performed on the vessel and elsewhere by the vessel's crew and had knowledge of the incompetence of the crew. United States Seafood, LLC had the right to control and supervise the details of the procedures, equipment, devices, instructions, methods, and manner of work at all times material. United States Seafood, LLC did not use ordinary care when supervising and controlling the work, and the failure to use ordinary care was negligent and a proximate cause of the incident and Mr. Buttrum's injuries.

4.5     Defendant was also grossly negligent and acted with malice, as that term is understood under the law, and such conduct was a proximate cause of Mr. Buttrum's injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant for their callous disregard and as a deterrent to others from engaging in similar conduct. Mr. Buttrum asks for punitive and exemplary damages in addition to actual damages.

## 5. Count Two - Unseaworthiness

5.1     United States Seafood, LLC is the owner of the vessel *Sea Freeze America*. Under general maritime law the owner of a vessel has a duty to provide a seaworthy vessel. In this case United States Seafood, LLC failed to provide a seaworthy vessel which was a proximate cause of injuries to Mr. Buttrum.

## 6. Count Three - Maintenance and Cure

6.1     Mr. Buttrum is a Jones Act seaman and is entitled to recover maintenance and cure while he is recovering from his injuries until he reaches maximum medical improvement. Mr. Buttrum, therefore, includes in this lawsuit his legal claims for maintenance and cure, both past and future. Defendant failed to properly pay maintenance and cure. As a result of Defendant's failure to provide adequate cure, Mr. Buttrum suffered additional damages and, therefore, is entitled to reasonable and necessary attorney fees and costs.

COMPLAINT
Buttrum v. United States Seafood          Page 3 of 6
Case 3:20-cv-00218-JWS   Document 1   Filed 09/08/20   Page 3 of 6

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

6.2 Further, under the authority of the U.S. Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), Defendant's failure to pay maintenance and cure justifies punitive and exemplary damages.

## 7. Count Four - Respondeat Superior

7.1 United States Seafood, LLC is legally responsible to Mr. Buttrum for the negligent conduct of their employees under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant's employees, were at all times material hereto an agent, ostensible agent, servant and/or employee of said Defendant, and were acting within the course and scope of such agency or employment. As a result thereof, Defendant is liable for all negligence of its employees.

## 9. Legal Damages

9.1 As a result of the incident, Mr. Buttrum sustained pain and mental anguish and will likely sustain pain and mental anguish in the future. Mr. Buttrum also suffered physical impairment and will likely be physically impaired in the future. Mr. Buttrum has received medical treatment and has past medical expenses. Mr. Buttrum will need continued medical treatment in the future. Defendant is financially responsible for Mr. Buttrum's medical treatment. The medical treatment has been reasonable and necessary both in terms of the procedures and treatments themselves and the costs associated with these treatments.

## 10. Punitive Damages

10.1 Because Defendant failed to properly provide maintenance and cure, Mr. Buttrum brings a cause of action for punitive damages for gross and reckless decisions, acts, and/or omissions. Additionally, Defendant has been grossly negligent and punitive damages should be assessed for its gross negligence.

## 11. Pre-Judgment and Post-Judgment Interest

11.1 Mr. Buttrum is entitled to pre-judgment interest in accordance with law and equity as part of his damages, along with post judgment interest to the extent allowed by law.

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Buttrum v. United States Seafood	Page 4 of 6
Case 3:20-cv-00218-JWS   Document 1   Filed 09/08/20   Page 4 of 6

**WHEREFORE**, Plaintiff requests judgment against defendant in an amount exceeding the jurisdictional limit of this Court, the exact amount to be proved at trial, for the following:

1. Maintenance, cure, wages, and found;
2. General and special damages;
3. Punitive damages;
4. Prejudgment and post judgment interest;
5. Attorney fees and costs as allowed by law; and
6. Such further relief as the Court deems appropriate.

DATED this 8th day of September, 2020 at Juneau, Alaska.

        POULSON & WOOLFORD
        636 Harris Street
        Juneau, Alaska 99801
        (907) 586-6529
        jack@poulsonwoolford.com

        By: /s/ *Jack Poulson*
            Jack Garyth Poulson
            Alaska Bar No. 8711104
            Attorney for Plaintiff

        VB ATTORNEYS
        6363 Woodway, Suite 400
        Houston, Texas 77057
        713.224.7800
        713.224.7801Fax
        Attorneys for Barry Buttrum

        By:/s/*Brian Beckcom*
            Brian Beckcom
            Texas Bar No. 24012268
            Brian@vbattorneys.com
            Brendan Fradkin
            Texas Bar. No. 24097706
            Brendan@vbattorneys.com

COMPLAINT
Buttrum v. United States Seafood    Page 5 of 6
Case 3:20-cv-00218-JWS   Document 1   Filed 09/08/20   Page 5 of 6

VERIFICATION

Barry Buttrum, Plaintiff herein, hereby declares under penalty of perjury, that he has read the foregoing Complaint, and the factual allegations therein are true and correct to the best of his knowledge and belief.

Dated: 9/8/2020   _____
                    Barry Buttrum

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529  Fax: (907) 586-6329

COMPLAINT
Buttrum v. United States Seafood            Page 6 of 6